**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Medicis Pharmaceutical Corporation, ) | No. CV 10-1780-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Acella Pharmaceuticals Incorporated, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Acella filed a Motion for Stay Pending Re-examination on September 13, 2010. (Doc. 11.) Acella asked the Court to stay this case until the United States Patent and Trademark Office ("PTO") competed a reexamination of U.S. Patent No. 7,776,355 (the "355 Patent"). At the time Acella filed its first Motion to Stay, Acella had filed a Request for Reexamination, but the PTO had not granted that request.

The Court denied the Motion to Stay on October 5, 2010. (Doc. 20.) The Court stated that it generally does not grant requests for stays and noted that Plaintiff had argued that this case in particular needed to proceed on an expedited basis. The Court did not rely in its Order on the fact that the PTO had not yet granted a reexamination.

Acella filed the pending Motion for Reconsideration of Stay Pending Re-examination (Docs. 66&72) on December 21, 2010. The Court ordinarily will deny "a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable

1  diligence." L.R.Civ.P. 7.2(g)(1). Acella bases its request for reconsideration on two new
2  developments: 1) the PTO granted Acella's request for *ex parte* reexamination of the 355
3  Patent on December 15, 2010 and 2) an exhibit to Medicis' briefing that forecasts a possible
4  exit from the foaming pad market.

5  Because the PTO has granted a request for reexamination of the 355 Patent, which is
6  a new "fact," the Court will grant the Motion for Reconsideration. But the Court will deny
7  the relief the requested by Acella. The Court will not stay proceedings for an indefinite
8  period of time while the PTO conducts the reexamination, especially given the procedural
9  posture of the case.

10  Medicis filed a Motion for Preliminary Injunction on December 10, 2010. (Doc. 53.)
11  The parties have submitted their Proposed Findings of Fact and Conclusions of Law (Docs.
12  122&123), and the Court set a hearing on the Motion for Preliminary Injunction for February
13  23, 2011. If the Court stayed the case pending reexamination, the Court effectively would
14  deny the Motion for Preliminary Injunction without first addressing the merits, which would
15  be inappropriate. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849
16  (Fed. Cir. 2008)(holding the district court erred in granting a stay pending reexamination
17  when the plaintiff had filed a motion for preliminary injunction). Because the Court has not
18  yet ruled on the merits of the injunction motion, the Court declines to enter a stay at this time.

19  If the Court grants the preliminary injunction, it most likely would not also grant a
20  stay. *Id*. ("A grant of a preliminary injunction followed by a stay of the district court
21  proceedings could subject an accused infringer to unfair and undesirable delay in reaching
22  a final resolution."). Even if the Court denies the preliminary injunction, the Court would
23  not look with favor on a renewed motion to stay. In general, the Court disfavors indefinite
24  and potentially lengthy stays pending the outcome of external proceedings. And in this case
25  specifically, because Acella filed a request for an *ex parte* reexamination, Acella will not be
26  bound by the findings of the PTO. Acella would be free to continue to argue the invalidity
27  of the 355 Patent in this Court, no matter what the PTO finds.

28  Accordingly,

**IT IS ORDERED** Granting Acella's Motion for Reconsideration (Docs. 66&72), but denying all relief requested by Acella. The Court will not enter a stay pending reexamination at this time.

DATED this 9th day of February, 2011.

James A. Teilborg
United States District Judge