**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Medicis Pharmaceutical Corporation, ) | CV10-1780-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Acella Pharmaceuticals LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Medicis Pharmaceutical Corporation filed a Motion for Leave to Amend Complaint (Doc. 127) on February 3, 2011. Plaintiff's proposed amended complaint would add only the following sentence to the Prayer for Relief, "That this Court award monetary damages." (Doc. 127-1, Proposed Am. Compl., p.3.) Plaintiff does not seek to add any new causes of action or parties.

The Court's Rule 16 Scheduling Order set a deadline of December 3, 2010 for amending the complaint. (Doc. 33.) Because Plaintiff's Motion to Amend was filed two months after the deadline, Plaintiff must show good cause to amend. Fed.R.Civ.P. 16(b)(4)("A schedule may be modified only for good cause and with the judge's consent."). If Plaintiff meets the good cause standard, the Court then will evaluate the Motion under Rule 15 standards regarding amendment of pleadings. *See Coleman v. Quaker Oats* Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

The good cause standard for modifying a scheduling order focuses primarily on the

1  diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975
2  F.2d 604, 609 (9th Cir. 1992). Plaintiff argues it diligently sought an amendment after it
3  learned in December that Defendant Medicis Pharmaceuticals LLC was taking the position
4  that Plaintiff had failed to seek monetary damages. Plaintiff claims it believed up until then,
5  based on the discovery propounded by Defendant regarding Plaintiff's damages and the
6  mandatory nature of 35 U.S.C. §284, that Defendant knew Plaintiff was seeking damages for
7  patent infringement.

8  Plaintiff alleges that Defendant's sale of foaming acne cloths infringes Plaintiff's '355
9  Patent. Section 284 of the Patent Act provides that upon finding for the patent holder, the
10  Court shall award the holder damages "adequate to compensate for the infringement, but in
11  no event less than a reasonable royalty for the use made of the invention by the infringer,
12  together with interest and costs as fixed by the court." 35 U.S.C. §284. If a jury does not
13  assess the damages, the Court must assess them. *Id.*

14  Plaintiff maintains that it thought alleging patent infringement was sufficient to seek
15  damages because of §284. Plaintiff also argues that Federal Rule of Civil Procedure 54(c)
16  supports its contention that it did not have to ask specifically for damages. Rule 54(c) reads:
17  "A default judgment must not differ in kind from, or exceed in amount, what is demanded
18  in the pleadings. Every other final judgment should grant the relief to which each party is
19  entitled, even if the party has not demanded that relief in its pleadings." Plaintiff contends
20  it sought leave to amend when it became clear Defendant would argue that Plaintiff had not
21  alleged damages sufficiently and after the Court did not rule on the issue.

22  The Court agrees with Defendant that Plaintiff cannot rely on Defendant's litigation
23  position to decide how Plaintiff should plead. Nor did Plaintiff move to amend with the
24  alacrity it might have. On the other hand, the Court agrees with Plaintiff that §284 mandates
25  an award of damages if Plaintiff prevails on its patent infringement claim. So, the Court can
26  understand why Plaintiff might have felt it unnecessary to specifically request damages.

27  Because §284 mandates an award of damages if Plaintiff prevails on its claim for
28  infringement, the Court finds good cause for modifying its Scheduling Order to allow

Plaintiff to amend its complaint to specifically request damages. Even if Plaintiff does not need to request monetary damages in its prayer for relief to receive them because of §284 and Rule 54(c), allowing Plaintiff to amend will clarify the relief requested.

Because the Court finds good cause for modifying its Scheduling Order, it must consider the Rule 15 standards for amendment of pleadings. Rule 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). The Court applies Rule 15's policy of favoring amendments with extreme liberality. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations omitted). But the extremely liberal policy in favor of amendments is subject to some limitations. The Court should not grant a motion to amend if there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment bears the burden of showing prejudice or one of the other reasons for denying a motion to amend. *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Although Defendant claims that Plaintiff's request to amend is not made in good faith, Defendant has offered no proof of this. Defendant also argues that it would suffer prejudice if the Court grants the Motion because Defendant would have to take additional discovery on the issue of damages. But the discovery deadline does not close until July 1, 2011. Further, Defendant already has propounded written discovery on the issue of damages. Because §284 instructs the Court to award damages if Plaintiff prevails, Defendant has a vested interest in doing discovery on the issue regardless of the wording of the prayer for relief.

The Court finds that Defendant has not demonstrated prejudice, bad faith, or any of the permissible grounds for denying a motion to amend. The Court therefore will grant the Motion.

In its order continuing the preliminary injunction hearing, the Court asked the parties to brief whether granting Plaintiff's Motion to Amend would necessitate new preliminary injunction briefing. The Court did not invite the parties to offer other reasons why additional briefing might be helpful. Plaintiff indicated in its Reply in Support of the Motion to Amend that the Court need not order additional briefing before the rescheduled preliminary injunction hearing. In its Response, Defendant requested the Court order additional briefing, but for reasons unrelated to Plaintiff's Motion to Amend. The Court therefore will not order additional preliminary injunction briefing.

Accordingly,

**IT IS ORDERED** Granting Plaintiff's Motion for Leave to Amend Complaint (Doc. 127). Plaintiff shall file its amended complaint within four (4) days of the date of this Order.

DATED this 16th day of March, 2011.

James A. Teilborg
United States District Judge