**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Medicis Pharmaceutical Corporation, | ) | CV10-1780-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Acella Pharmaceuticals LLC, | ) | |
| Defendant. | ) | |

Plaintiff Medicis Pharmaceutical Corporation filed a Second Motion for Leave to Amend Complaint and Motion to Extend Discovery (Doc. 219) on June 20, 2011. Plaintiff's proposed amended complaint would specify that its claim for monetary damages under §284 includes a claim for enhanced damages because Defendant Acella Pharmaceuticals allegedly willfully infringed Plaintiff's patent. Plaintiff asks the Court to re-open discovery to allow Plaintiff to depose Acella on the topics relating to willful infringement.

The Court's Rule 16 Scheduling Order set a deadline of December 3, 2010 for amending the complaint. (Doc. 33.) Plaintiff's Second Motion to Amend comes more than six months after that deadline. Plaintiff therefore must show good cause to amend. Fed.R.Civ.P. 16(b)(4)("A schedule may be modified only for good cause and with the judge's consent."). If Plaintiff meets the good cause standard, the Court then will evaluate the Motion under Rule 15 standards regarding amendment of pleadings. *See Coleman v. Quaker Oats* Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

The good cause standard for modifying a scheduling order focuses primarily on the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.*

Plaintiff argues that it has indicated all along that it seeks to prove that Defendant willfully infringed. If that is true, why not include willfulness allegations in the original complaint? Or, why not seek to amend the complaint before the Rule 16 Scheduling Order's deadline? Failing that, why not seek to add the allegations regarding willfulness when Plaintiff first moved to amend the complaint after the deadline had passed?

Plaintiff seeks to blame Defendant's "reversal" in litigation strategy for Plaintiff's failure to seek an amendment earlier. But, as the Court previously has warned Plaintiff, "Plaintiff cannot rely on Defendant's litigation position to decide how Plaintiff should plead." (Doc. 170, p.2.) Plaintiff has not provided a credible reason for failing to seek to add the willfulness allegations at least by the same time it sought leave to amend the complaint to specify its claim for monetary damages. The Court therefore finds that Plaintiff cannot meet the diligence standard for granting a motion to modify the scheduling order.

Accordingly,

**IT IS ORDERED** DENYING Plaintiff's Second Motion for Leave to Amend Complaint and Motion to Extend Discovery for the Limited Purpose of Taking Depositions Regarding Willfulness (Doc. 219).

DATED this 29th day of July, 2011.

James A. Teilborg
United States District Judge